# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSHUA J. CHEEK,

    Plaintiff,

v.                                                             Case No. 21-CV-201

CHRISTINE HACKFORT,

    Defendant.

## ORDER ON MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE AND REPORT AND RECOMMENDATION SCREENING COMPLAINT[1]

On February 17, 2021, Joshua J. Cheek filed a *pro se* complaint against Christine Hackfort. (Docket # 1.) Cheek also moves for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 2.) Because I find that Cheek is indigent, his motion will be granted. However, because his complaint fails to allege subject matter jurisdiction, I recommend that his complaint be dismissed.

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. §

---

[1] Because the defendant has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the plaintiff's complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Cheek alleges that his only source of income is $1,200.00 per month in Supplemental Security Income benefits. (Docket # 2.) He has no other assets. (*Id.*) Thus, I am satisfied that Cheek is indigent for purposes of the *in forma pauperis* statute and will grant his motion.

I find Cheek's compliant, however, legally deficient and recommend dismissal. This is Cheek's seventh lawsuit filed in the span of one year.[2] In one of Cheek's previous lawsuits, *Cheek v. Lundquist*, 20-CV-182, Judge Griesbach determined that the Winnebago County Circuit Court had deemed Cheek legally incompetent and had appointed Oshkosh Family, Inc. as guardian over his person and estate, and had protectively placed him in a residential living facility. (Docket # 50-1 and Docket # 51 at 2 in Case No. 20-CV-182.) Judge Griesbach

---

[2] Cheek's other six lawsuits—20-CV-182; 20-CV-932; 20-CV-1181; 20-CV-1203; 20-CV-1287 and 21-CV-35—have all been dismissed by Judge William C. Griesbach.

2

determined that under Fed. R. Civ. P. 17(c), an incompetent person lacks the capacity to represent himself and authorizes a general guardian to sue on the incompetent person's behalf. (Docket # 51 at 2 in Case No. 20-CV-182.) Judge Griesbach sought Christine Hackfort's (the guardianship representative from Oshkosh Family, Inc.) position on Cheek's lawsuits. (Docket # 49.) Hackfort indicated that she believed Cheek's lawsuits were inappropriate and lacked merit. (Docket # 50 and Docket # 51 in Case No. 20-CV-182.) Given Cheek's incompetency and his guardian's unwillingness to pursue the lawsuits on Cheek's behalf, Judge Griesbach dismissed Cheek's cases. (Docket # 51 at 3 in Case No. 20-CV-182.)

In his present lawsuit, Cheek now sues Hackfort, alleging that she violated his constitutional rights by placing him in a non-licensed group home and by failing to pursue his previously dismissed lawsuits. (Docket # 1.) As Judge Griesbach previously determined, pursuant to Rule 17(c), Cheek must pursue a lawsuit through his guardian, Oshkosh Family, Inc.

Even if, however, Cheek had the capacity to maintain a lawsuit without his guardian, he may not sue Hackfort in federal court. Unlike state courts which are courts of general jurisdiction, federal district courts are courts of limited jurisdiction. *See International Union of Operating Engineers, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). They may entertain cases only where jurisdiction is authorized by the Constitution or by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir.1997). Thus, the federal courts are "always obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prod. Co.*, 211 F.3d 445, 447-48 (7th Cir. 2000) (quotation and internal marks omitted). "The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged." *Wisconsin Knife Works v. Nat'l Metal*

3

*Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). The court's jurisdiction may be invoked under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." It may also be invoked under 28 U.S.C. § 1332, which establishes the court's jurisdiction in matters of diversity jurisdiction. In order for diversity jurisdiction to lie with the federal courts, two requirements must be met: (1) there must be complete diversity of citizenship between all plaintiffs and all defendants; and (2) "the proper amount in controversy" (currently $75,000) must be sufficiently alleged. *See Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977 (7th Cir. 2000).

Although Cheek alleges that he is suing under 28 U.S.C. § 1331, he does not specify under which federal law he sues Hackfort. To the extent he sues under 42 U.S.C. § 1983, Cheek must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the person who deprived him of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Although Cheek generally alleges that Hackfort "has done wrongful conduct as a state actor," (Docket # 1 at 14), he does not allege sufficient facts to support a plausible inference that Hackfort is actually a state actor. Oshkosh Family, Inc. appears to be a private entity that provides guardianship and other services. *See Oshkosh Family Services, Inc.* https://oshkoshfamily.org/ (last visited Mar. 16, 2021) ("Oshkosh Family is a non-profit agency which exists to meet a variety of needs of the individuals who live or work in the Fox Cities area."). Oshkosh Family, Inc. (and Hackfort, as its employee) does not become a state actor merely because it was appointed by a state court to serve as Cheek's guardian. *See Smith v. Wood*, 649 F. Supp. 901, 906 (E.D. Pa. 1986) (family members who invoked Pennsylvania's guardianship laws resulting in a ruling that plaintiff was incompetent to manage his estate were not state actors "[m]erely because a judicial

4

determination was required"). And although serving in a more limited capacity than guardians of the person or of the estate, courts in this circuit have found that guardians *ad litem* are not state actors for purposes of § 1983. *See, e.g.*, *Nelson v. Kujawa*, No. 07-C-741, 2008 WL 2401260, at *2 (E.D. Wis. June 11, 2008) ("Although plaintiff alleges that defendants acted under color of state law, state-appointed guardians ad litem are *not* state actors subject to liability under 42 U.S.C. § 1983.") (emphasis in original). Thus, Cheek has not properly alleged that Hackfort is a state actor. Before a private party's conduct can be considered state action under § 1983, there must be a sufficiently close nexus between the state and the private conduct so that the action may be fairly treated as that of the state itself. *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996). In other words, "the state must somehow be responsible for the allegedly unlawful actions taken by the private party." *Id.* Cheek alleges no facts that would indicate that Hackfort acted under color of state law. Thus, jurisdiction is not proper under 28 U.S.C. § 1331. Even assuming Cheek had a colorable claim under state law, Cheek fails to allege diversity jurisdiction. Thus, jurisdiction is also not proper under 28 U.S.C. § 1332.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Cheek's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Cheek's complaint be dismissed for lack of subject matter jurisdiction.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections

are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 16th day of March, 2021.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge